ANA MARÍA MATOS, ETC., Plaintiff and Appellee, *v.* HEIRS OF JOAQUÍN GÓMEZ DE AGÜERO, Defendants and Appellants.

No. 5880. Argued June 20, 1932.—Decided July 29, 1932.

*H. Torres Solá* for appellants. *L. Mercader* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action of filiation. The appeal taken herein is sought to be dismissed as frivolous.

Upon the filing of the complaint, some of the defendants demurred thereto on the grounds that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. The case went to trial, and after the evidence was heard the court gave judgment for the plaintiff in accordance with the prayer of the complaint. The statement of the case and the opinion on which the judgment is based reads in part as follows:

"From the evidence introduced the court finds that about the year 1919, Teresa Matos, a young lady, had a love affair with Joaquín Gómez de Agüero with whom she lived in concubinage under the

same roof, as husband and wife, and as a result of such union, the plaintiff Ana María Matos was born, in Utuado, on May 18, 1917; that at the time of the conception and of the birth of the child, Joaquín Gómez de Agüero was a widower and Teresa Matos was unmarried, they were not related to each other, and there was no impediment to their contracting marriage; that ever since the birth of the girl and until the death of Joaquín Gómez de Agüero the latter supported the child and provided for her education, exhibited her publicly and privately as his daughter and himself as her father, and always showed his purpose or intention of legally acknowledging her.

"The evidence in the instant case is clear and convincing as to the fact that the mother was known to have lived in concubinage with the father, both during the pregnancy and at the time of the daughter's birth, and also as to the fact that the latter uninterruptedly enjoyed the status of a natural child of the father, justified by his acts.

"There are also documents which, although not expressly recognizing the paternity, they nevertheless support the plaintiff's case. Said documents are the following: a postal card dated May 11, 1924, addressed by Joaquín Gómez de Agüero from Río Piedras to Luis Gómez, of the ward of Arena, Utuado, in which the former said that he had suffered an operation shortly before, that he was sailing for Barcelona, and asked him to bring the girl in order to see her; a letter dated July 12, 1924, addressed from Barcelona to the same Luis Gómez in which Joaquín Gómez de Agüero notified him that on the following week he was sending a little present for Ana María, that is, a small handkerchief and a hair fastener; and a letter dated January 21, 1925, written by the same Joaquín Gómez de Agüero to Luis Gómez from Barcelona advising as to the mailing of two little dolls to be forwarded to Ana María.

"Joaquín Gómez de Agüero contracted a second marriage in 1921, which was the cause of the breaking off of the relations with Teresa Matos, and it appears from the documents presented that even after the said marriage he continued to take care of the girl Ana María, the issue of his affair with Teresa Matos.

"The defendant Antonio Gómez de Agüero testified moreover that although he never knew that his brother had a natural daughter, he wrote a letter before his death in which he recommended that a certain sum be allotted to Ana María or that some gift be given to her.

"As to the second cause of action for the recovery of hereditary property and the rents and profits (*frutos*) thereof, the plaintiff failed to introduce any evidence to support it.

"The defendants Antonio, Ana, and Pilar Gómez de Agüero have answered the complaint, and alleged in regard to the second cause of action that the deceased Joaquín Gómez de Agüero made a testamentary disposition in favor of the said codefendants in an instrument written in Barcelona, Spain, on October 10, 1929, in the form of a letter, the protocolization of which as a will has been sought in a proceeding numbered 11422, instituted in this court on January 25, 1930, against Manuel Benigno and Virginia Gómez de Agüero y Aldea; that Joaquín Gómez de Agüero died without leaving either legitimate descendants or ascendants, his nearest relatives being the defendants herein; that Antonio, Ana, and Pilar Gómez de Agüero have accepted the inheritance but under benefit of inventory; that part of the estate consists of the property described in the complaint and originated in the partition of the estate of Concepción Berrocal y Gómez de Agüero where there was allotted a sum greater than that of $598.26, which is set forth in the complaint under letter E, and was derived from the said estate and its fruits; that Joaquín Gómez de Agüero left at his death other property consisting of cash in the banks, securities, and effects the amount of which is still unknown, and he left also debts chargeable against the estate, and that expenses have incurred by reason of his illness, burial, and funeral.

"The said defendants further alleged that they have not taken possession of the estate of the aforesaid decedent.

"The question as to whether the alleged will in the form of a letter is legally valid is not in issue and there is no ground for holding, contrary to the claim of the defendants and in the absence of legitimate ascendants or descendants, that the plaintiff is (not) the sole and universal heir of Joaquín Gómez de Agüero and that she is entitled to the whole estate, in view of section 26 of the Act of March 9, 1905, which amended or repealed certain sections of the Civil Code.

"The declared fact of being an acknowledged natural child makes such child an heir of the father without further declaration. *Méndez* v. *Martínez*, 26 P.R.R. 87, 88.

"For the foregoing reasons, the complaint is sustained as to the first cause of action and, therefore, the court holds that Ana María Matos, born on May 18, 1917, is the acknowledged natural daughter of Joaquín Gómez de Agüero and Teresa Matos and entitled to bear

the former's surname and to inherit from him acording to law, and it is ordered that notice be taken of such acknowledgment by means of a marginal note in the birth record of the plaintiff at folio 217, book 13, registration 429, of the Civil Registry of Utuado; and the complaint is dismissed as to the second cause of action regarding the delivery of hereditary property and fruits thereof, without prejudice to the right of the plaintiff to claim and recover any hereditary property to which she might be entitled under the law, without special imposition of costs."

The action was commenced in April, 1930. The judgment was rendered in May, 1931. The transcript was not filed in this Court until March 23, 1932. The brief that should have been filed within the following ten days was filed on May 26, 1932, extensions of time having been granted. The motion to dismiss was filed on May 30. The appellants confine themselves to a written opposition in which they contend that the arguments presented on the motion were directed against the errors assigned by them, thus going into the merits of the appeal. They did not appear at the hearing of the motion.

In determining a motion to dismiss an appeal as frivolous the errors assigned and the merits of the case may be examined and considered, if it appears that both the grounds relied on and the errors assigned are frivolous. In such case the appeal should be dismissed, so that the enforcement of the relief granted by the judgment will not be unnecessarily delayed.

A consideration of the motion and of the brief on appeal leads us to the conclusion that the appellee is right. Three are the errors assigned by the appellants. By the first assignment it is claimed that the court erred in overruling the demurrer for insufficiency of the complaint and, it is argued that the complaint is insufficient because in suing the heirs of Joaquín Gómez, who were specifically named, the widow of the ancestor was not included among them nor was it alleged that she had died. This question was not properly raised in the trial court. This should have been done by means of a demurrer for nonjoinder of parties defendant.

The second error assigned is that the court admitted a certificate from the civil registry which was not a literal copy of the original entry. The objection took that form. The district court examined the document and ruled that it was a correct copy. We have examined it ourselves and find that the conclusion of the court may be upheld. Moreover, the birth of the child who prosecutes this action of filiation was proved independently.

The third and last assignment was formulated thus:

"The court erred in sustaining the complaint, as the judgment is contrary to law."

All the argument under this assignment is confined to a reference to the two questions that were discussed in connection with the first two assignments.

The weighing of the evidence by the trial court is not attacked. A frivolous appeal is clearly involved.

The motion must be granted and, therefore, the appeal must be dismissed.